UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLAIN SILVERA,<br><br>              Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>              Defendant. | Case No. CV 09-1935 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.  SUMMARY**

On March 27, 2009, plaintiff Charlain Silvera ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; March 31, 2009 Case Management Order ¶ 5.

///

1    Based on the record as a whole and the applicable law, the decision of the
2 Commissioner is REVERSED AND REMANDED for further proceedings
3 consistent with this Memorandum Opinion and Order of Remand.  In light of the
4 failure of the Administrative Law Judge ("ALJ") to ask the vocational expert
5 whether her testimony conflicted with the Dictionary of Occupational Titles and, if
6 so, whether there was a reasonable explanation for the conflict, this Court cannot
7 determine whether the ALJ properly relied upon such expert's testimony and
8 whether substantial evidence supports the ALJ's finding that plaintiff could
9 perform alternative work.

## II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 19, 2004, and February 10, 2005, respectively, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income benefits. (Administrative Record ("AR") 12, 119-32).  Plaintiff asserted that she became disabled on December 21, 2001, due to depression, panic attacks, carpal tunnel syndrome, degenerative disk disease, and bone spurs in the neck. (AR 138-39).  The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel, on July 22, 2008. (AR 747-812).

On September 22, 2008, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 12-22).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  obesity, status post left and right carpal tunnel releases, C2-5 degenerative disc disease, dysthymia, and panic disorder (AR 15); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 15); (3) plaintiff retained the residual functional capacity to perform sedentary work with certain limitations (AR 15);[1] (4) plaintiff could not perform

---

[1] The ALJ determined that plaintiff "has the residual functional capacity to perform sedentary work . . . except that she can lift and/or carry 10 pounds occasionally and 10 pounds

(continued...)

2

her past relevant work (AR 20); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically dowel inspector, table worker, and touch up screener (AR 21); and (6) plaintiff's allegations regarding her limitations were not totally credible.  (AR 16, 19-20).

The Appeals Council denied plaintiff's application for review.  (AR 4-6).

### III.  APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

---

[1](...continued)
frequently, can occasionally reach overhead with both upper extremities, perform frequent hand gross and fine manipulations, cannot work around unprotected heights and dangerous equipment, cannot climb ladders, ropes, or scaffolds, can perform simple work, and can have occasional contact with the public and peers."  (AR 15).

|   |   |   |
|---|---|---|
| | | Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four. |
| | (4) | Does the claimant possess the residual functional capacity to perform her past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
| | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

### B.   Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

///

or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ erred at step five by relying on vocational expert testimony that conflicts with the Dictionary of Occupational Titles ("DOT"). (Plaintiff's Motion at 3-4). Specifically, plaintiff points out that the three occupations identified by the ALJ at step five all require frequent reaching, but the ALJ determined that plaintiff possesses the residual functional capacity to only "occasionally reach overhead with both upper extremities." (AR 15). Because the ALJ failed to ask the vocational expert whether her testimony conflicted with the DOT and did not offer any explanation for this potential conflict, the Court cannot determine whether substantial evidence supports the ALJ's finding that plaintiff could perform other work.

ALJs routinely rely on the DOT "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is source of reliable job information). The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling 00-4p ("[T]he adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] evidence and information provided in the DOT.")).[2] In order for an ALJ to accept vocational expert testimony that

---

[2] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social

(continued...)

contradicts the DOT, the record must contain "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations omitted).

In this case, the ALJ adopted the vocational expert's finding that plaintiff could perform the occupations of dowel inspector, table worker, and touch up screener, all of which require frequent reaching. (AR 21; DOT §§ 669.687-014, 726.684-110, 739.687-182). The requirement of frequent reaching potentially conflicts with plaintiff's restriction to perform only occasional overhead reaching. However, the ALJ did not ask the vocational expert whether her testimony conflicted with the DOT and, if so, whether there was a reasonable explanation for the conflict. (See AR 808-12). The Court may find this procedural error to be harmless if there was no conflict or if the vocational expert provided sufficient support for her conclusion to justify any potential conflicts. Massachi, 486 F.3d at 1154 n.19. The Court appreciates that plaintiff's capacity to perform only occasional overhead reaching does not necessarily conflict with a requirement for frequent reaching. However, the DOT makes no distinction between overhead reaching and other types of reaching. There is no indication that the vocational expert or the ALJ were aware of this potential conflict, and the ALJ's written decision provides no explanation as to how to resolve it.[3] As a result, the Court cannot determine whether substantial evidence supports the ALJ's determination

---

[2](...continued)
Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi, 486 F.3d at 1152 n.6.

[3]The ALJ's unsupported assertion that "the vocational expert's testimony is consistent with the information in the [DOT]" (AR 21) does not cure this defect.

that plaintiff can perform other work that exists in significant numbers in the national economy. See Marshall v. Astrue, 2010 WL 841252, at *6 (S.D. Cal. Mar. 10, 2010) (remanding for additional proceedings where plaintiff could perform "occasional overhead reaching with the left upper extremity" but jobs identified at step five required constant or frequent reaching and ALJ did not ask vocational expert whether her testimony conflicted with DOT).

## V. CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 29, 2010

/s/
_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).